**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**SOUTHERN OFFSHORE FISHING ASSOCIATION,**

**Plaintiff,**

**v.** **CASE NO: 8.07-cv-02346-EAK-TBM**

**CARLOS M . GUITERREZ**
**Secretary of the U.S. Department of Commerce,**
***et al.*,**

**Defendants.**
______________________________________/

**ORDER ON MOTIONS FOR SUMMARY JUDGMENT**

This cause is before the Court on two separate motions: 1) Plaintiff's, Southern Offshore Fishing Association, Motion for Summary Judgment, filed March 21, 2008 (Doc. 19); and 2) Defendants', Carlos M. Gutierrez in his official capacity as Secretary of the United States Department of Commerce, National Oceanic and Atmospheric Administration and, National Marine Fisheries Service, Motion for Summary Judgment, filed on April 25, 2008 (Doc. 20). For the reasons set forth below, the Defendants' Motion is **GRANTED** and Plaintiff's Motion is **DENIED**.

## I. FACTS

Defendant, Carlos M. Guiterrez, ("Secretary") through the National Marine Fisheries Service ("NMFS") issued a final rule on November 29, 2007, to close the 2008 first and second trimester coastal shark fishing seasons pursuant to the Highly Migratory Species Fishery Management Plan ("HMS FMP"), 72 Fed. Reg. 67,580, and the Magnuson-Stevens Fishery Conservation and Management Act ("Magnuson-Stevens Act"), 16 U.S.C. § 1801, *et seq*. He based

the final rule on NMFS data suggesting that an open season would cause overfishing and dangerous "derby-like" conditions. (Doc. 20 at 1)

Plaintiff, a group of more than 200 interested individuals organized as the Southern Offshore Fishing Association, challenge the closure. They claim that the Secretary's decision was arbitrary and capricious in violation of the Magnuson-Stevens Act, 50 C.F.R. § 635.27(b)(1)(vi), and, the Administrative Procedures Act, 5 U.S.C. §§ 701-706 ("APA"). Plaintiff seeks declaratory and injunctive relief against the final rule.

Defendants filed a Motion for Summary Judgment asserting that the Secretary used reasonable discretion as a matter of law because he acted within the scope of 50 C.F.R. § 635.27(b)(1)(vi). Defendants also assert that Amendment 2, a recently filed addition to the HMS FMP, makes this case moot because it reallocates the contested quotas to subsequent seasons through the year 2012.

**II. STANDARD OF REVIEW**

A case is moot, "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome," *Alabama Hospital Ass'n v. Beasley*, 702 F.2d 955, 961 (11th Cir. 1982), although justice requires this Court resolve issues that are "capable of repetition, yet evading review", *Southern Pacific Terminal Co. v. ICC*, 219 U.S. 498, 515 (1911). This Court is bound to uphold any Federal Agency Ruling that is not "arbitrary and capricious" as a matter of law. APA, 5 U.S.C. § 706(2)(A), *See e.g., Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416 (1971); *North Buckhead Civic Ass'n v. Skinner*, 903 F.2d 1533, 1538 (11th Cir. 1990) (applying "arbitrary and capricious" standard of review under NEPA); *Ocean Conservancy v. Evans*, 260 F. Supp. 2d 1162, 1167 (M.D. Fla. 2003)(applying "arbitrary and capricious" standard under The Magnuson-Stevens Act). Additionally, particular deference must be afforded to agency

decisions based on science and technical expertise. *Marsh v. Or. Natural Res. Council*, 490 U.S. 360, 377 (1989).

**III. ANALYSIS**

Plaintiff moves for Summary Judgment, arguing that the Secretary's final rule is arbitrary and capricious as a matter of law. Defendants maintain the final rule is lawful, and that a filed Amendment to HMS FMP, makes this controversy moot. Plaintiff correctly argues that the controversy is live and justicable for two reasons: first, the filed amendment is not yet law; and second, the amendment does not control all season closures for all species under the HMS FMP . (Doc. 25 at 3) Because this case is live and justicable, this Court must only decide whether the Defendant: A) reasonably closed the first trimester, and B) reasonably extended this closure into the second trimester

For the following reasons, this Court **GRANTS** the Defendants' Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

**A. Defendants Reasonably Closed the First Trimester Coastal Shark Fishing Season in All Disputed Regions.**

Plaintiff erroneously asserts that the Defendants closed the first trimester season based on arbitrary and capricious discretion. Defendants' are bound by the Magnuson-Stevens Fishery and Conservation Management Act, which provides, "NMFS may consider merging or closing any of the fishing seasons and relevant quotas in any region when there is limited quota available in one or more seasons." 50 C.F.R. § 635.27(b)(1)(VI)(A). Any closure made outside this grant of authority is arbitrary and capricious as a matter of law. APA, 5 U.S.C. § 706(2)(A), *See e.g.*, *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416 (1971). The Secretary's final rule is not arbitrary or capricious because it was properly based on NMFS data showing limited quota.

The undisputed facts in this case show a pattern of overfishing in both the South Atlantic and Gulf of Mexico regions in recent years. The final rule is a reflection of that data, and suggests an open season could have perpetuated the overfishing trend. NMFS currently estimates that existing shark populations may not recover from recent overfishing until 2070. AR C1 at 2. Further, the Secretary used NMFS data suggesting that an open first trimester would lead to dangerous "derby-like" conditions. AR B5 at 2-1. In light of this data, it was not only reasonable but necessary for the Secretary to close season in the interests of sustainability and safety.

**B. Defendant Reasonably Extended Closure into the Second Trimester.**

Plaintiff also challenges the Secretary's decision to extend the closure into the 2008 second trimester season. They assert that the Secretary improperly based his decision on landings data from a combined second and third trimester season 2007. This argument challenges both the Secretary and NMSF's interpretation of its own regulations. It also questions the reasonableness of the Secretary's decision to use data from the combined season to justify the closure of a single season. This challenge fails because the facts show the Secretary reasonably based the final rule on the best available data.

The Secretary is bound to base his decision on the official landings data collected by NMFS in previous seasons to remain in compliance with the Magnuson-Stevens Act; however, the Act does not specify that data must be compiled to reflect the landings from individual seasons when those seasons are combined. 50 C.F.R. § 635.27(b)(1)(VI)(A). In fact, such a limitation would frustrate the purpose of the act which specifically allows the Secretary to merge seasons as needed. *Id*. The Act merely requires that, "conservation and management measures…be based upon the best scientific information available." 16 U.S.C. § 1851(a)(2); 50 C.F.R. § 600.315(b)(2). Further, this Court is bound to defer to the NMFS's own interpretation of its regulations "so long as the

interpretation sensibly conforms to the purpose and wording of the regulations." *Sierra Club v. Johnson*, 436 F.3d 1269, 1274 (11th Cir. 2006). The Secretary's decision is lawful because the undisputed facts show it was based on the best available data and a reasonable interpretation of 50 C.F.R. § 635.27(b)(1)(VI)(A).

## IV. CONCLUSION

This Court finds the Defendants' Motion more persuasive. The undisputed record supports the conclusion that the Secretary lawfully promulgated his final rule in the interest of ecological sustainability and safety. Pursuant to this finding, this Court rules that the Defendants reasonably acted within the scope of their lawfully delegated authority. Accordingly, it is

**ORDERED** that Defendants' Motion for Summary Judgment is **GRANTED**, and Plaintiff's Motion is **DENIED**. The Clerk of Court is **DIRECTED** to enter judgment for the Defendants and against the Plaintiff and close this case.

**DONE and ORDERED** in Chambers in Tampa, Florida, on this 8th day of July, 2008.




Copies to: All parties and counsel of record.